UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **JUSTIN DUMOND,** | Case No.: |
| Plaintiff, | |
| v. | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| **KOHL'S DEPARTMENT STORES, INC.,** | |
| Defendant. | **(Unlawful Debt Collections Practices)** |

## COMPLAINT

JUSTIN DUMOND ("Plaintiff"), by and through his counsel, Kimmel & Silverman, P.C., alleges the following against KOHL'S DEPARTMENT STORES, INC. ("DEFENDANT"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant conducts business in the State of Michigan and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5. Plaintiff is a natural person residing Lansing, Michigan.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a lender with its principal place of business located at 886 Caldwell Place, Columbus, OH 43203.

8. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

10. Plaintiff has a cellular telephone number that he has had for over a year.

11. Plaintiff has only used this number as a cellular telephone number.

12. Defendant placed repeated harassing telephone calls to Plaintiff on his cellular telephone.

13. When contacting Plaintiff on his cellular telephone, Defendant used an automatic telephone dialing system and automatic and/or pre-recorded messages.

14. Plaintiff knew that Defendant was using an automatic telephone dialing system and automatic and/or pre-recorded messages as there was a noticeable delay before he would speak with a representative.

15. Defendant's telephone calls were not made for "emergency purposes."

16. Desiring calls to stop, Plaintiff told Defendant to stop calling.

17. Once Defendant was aware that its calls were unwanted any further calls served no lawful purpose and could only have been placed for the purpose of harassing Plaintiff.

18. Eventually, in order to stop receiving irritating telephone calls from Defendant, Plaintiff downloaded a call blocking application on his mobile devise.

## COUNT I
## DEFENDANT VIOLATED THE
## <u>TELEPHONE CONSUMER PROTECTION ACT</u>

19. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

20. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using a prerecorded voice.

21. Defendant initiated these automated calls to Plaintiff using an automatic telephone dialing system.

22. Defendant's calls to Plaintiff were not made for emergency purposes.

23. Defendant's calls to Plaintiff after he revoked were not made with Plaintiff's prior express consent.

24. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

25. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

26. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

WHEREFORE, Plaintiff, JUSTIN DUMOND, respectfully prays for judgment as follows:

    a. All actual damages suffered pursuant to 47 U.S.C. §227(b)(3)(A);

    b. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3)(B);

    c. Treble damages of $1,500 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    d. Injunctive relief pursuant to 47 U.S.C. §227(b)(3); and

    e. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, JUSTIN DUMOND, demands a jury trial in this case.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: June 28, 2019 | By: /s/ Joseph Hoeffel<br>Joseph Hoeffel, Esq.<br>Kimmel & Silverman, P.C.<br>30 East Butler Pike<br>Ambler, Pennsylvania 19002<br>Phone: (215) 540-8888 ext. 105<br>Facsimile: (877) 788-2864<br>Email: teamkimmel@creditlaw.com |

PLAINTIFF'S COMPLAINT